UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80571-CIV-MARRA

MICHAEL BAKST, Chapter 7 Trustee of
Debtor, Center for Child Development, Inc.,

      Plaintiff,

v.

MOYLE, FLANIGAN, KATZ, BRETON,
WHITE & KRASKER, P.A., f/k/a MOYLE,
FLANIGAN, KATZ, RAYMOND &
SHEEHAN, a Florida Professional Association,

      Defendant.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court on Defendant's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 76]. The Court has reviewed all papers submitted in connection with the motion; the entire file in this case; heard oral argument on Defendant's original Motion to Dismiss for Lack of Jurisdiction [DE 56] on September 12, 2012; and is otherwise duly advised in the premises.

## BACKGROUND

This case arises out of the voluntary Chapter 7 Bankruptcy of The Center for Child Development, Inc. ("CCD"). Plaintiff Trustee brought this action against Defendant, which was Debtor's outside counsel from 2004 until the bankruptcy filing in July, 2007, seeking damages arising from Defendant's alleged (1) professional malpractice, (2) aiding and abetting breach of

1

fiduciary duties by Debtor's officers, and (3) avoidance and recovery of fraudulent transfers for payments made for legal services [DE 4].[1]

Defendant moves to dismiss this case for lack of subject matter jurisdiction, arguing that the case fails to meet the "case-or-controversy" requirement of Article III of the U.S. Constitution [DE 76 at 1]. Defendant argues that Plaintiff has not suffered an "injury in fact" that is "fairly traceable to the challenged action" of Defendant, and that Plaintiff is not asserting the Debtor's legal rights as opposed to the legal rights of the Debtor's creditors. *Id*. at 2. The crux of Defendant's position is that the sole measure of damages alleged by Plaintiff is for Defendant's "deepening insolvency" and that this is neither a valid cause of action in Florida nor a proper measure of damages in this case.

Plaintiff responds that the claims at issue are property of the estate, and, therefore, he has standing to assert them [DE 78 at 4]. Plaintiff objects that Defendant's motion is actually a dispositive motion that should have been brought before the Bankruptcy Court pursuant to this Court's prior order [DE 1]. Since Defendant failed to do so, Plaintiff now argues that Defendant's motion should be denied as untimely [DE 78 at 4-6].

## LEGAL STANDARD

As the Eleventh Circuit explained in *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990),

> Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction,

---

[1] This Court previously entered an order granting Defendant's Agreed Motion to Bifurcate the Trial of Plaintiff's Claims for Punitive Damages and Avoidance of Fraudulent Transfers [DE 19]. The pending motion does not address the bifurcated claim [DE 76 at 2 n.1].

and the allegations in his complaint are taken as true for the purposes of the motion." . . . "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."

*Id*. at 1528-29 (Citations Omitted).

## DISCUSSION

In reviewing Defendant's motion, the Court has conducted a factual review pursuant to the above-referenced legal standard.  While there is some superficial appeal to Defendant's position, the Court agrees with Plaintiff that essentially, Defendant has brought a dispositive motion.  The Eleventh Circuit's analysis in *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1351-52 (11th Cir. 1998) is instructive here.  "In determining whether the district court had subject matter jurisdiction, we respect the important distinction between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted." *Id*. at 1352.  "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover.  Rather, the test is whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir. 1990)(en banc).

Defendant has tried to convert its argument that Plaintiff cannot succeed on the merits because its deepening insolvency measure of damages does not apply to the particular facts of this case, into proof that Plaintiff has no standing to assert the claim.  To adopt Defendant's argument would mean that any time a complaint failed to state a claim upon which relief could be granted, and any time a Defendant had a viable summary judgment motion, the Court would lose subject matter jurisdiction.

It is clear that a corporation can sue its attorney for malpractice and for aiding and abetting a breach of fiduciary duty.  It is equally clear that a Trustee in Bankruptcy can step into the shoes of such a corporation and assert these kinds of claims.  *See, e.g., In re Phoenix Diversified Inv. Corp.*, 439 B.R. 231 (Bankr. S.D. Fl. 2010).  Plaintiff, therefore, has standing to assert these claims, and this Court has subject matter jurisdiction.  The Defendant's motion to dismiss this case for lack of subject matter jurisdiction is denied.

Nevertheless, the Court does not believe that a rigid application of the Bankruptcy Court's scheduling order regarding dispositive motions in this case is in the interest of justice.  The Court and the parties would not be well served by having this case proceed to trial if Defendant has a viable summary judgment motion.  The Court will, therefore, permit Defendant to bring a summary judgment motion at this time.[2]  In view of the amount of time that this Court has already spent on this matter, it would be a waste of judicial resources to refer the summary judgment motion back to the Bankruptcy Court; so, the prior referral for this purpose is hereby withdrawn.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction **[DE 76]** is **DENIED**.

2. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction **[DE 56]** is **DENIED AS MOOT**.

---

[2]Should Defendant wish to do so, it may include Count III, previously severed, in any such motion.

3. Defendant is given permission to file a motion for summary judgment before this Court as to Counts I, II and III of the Amended Complaint **[DE 4]** on or before **SEPTEMBER 20, 2013**. The Court's prior order **[DE 1]** referring dispositive motions to the Bankruptcy Court is **withdrawn**. If Defendant files a motion for summary judgment, Plaintiff shall have until **OCTOBER 31, 2013** to file a response, and Defendant shall have until **NOVEMBER 15, 2013** to file a reply. If Defendant decides not to file a summary judgment motion, it should notify the Court, and a trial date will be set.

3. Defendant's Motion to Exclude the Testimony of Anthony V. Alfieri, as an Expert Witness, Under Daubert **[DE 36]** is **DENIED WITHOUT PREJUDICE** to Defendant's right to renew, if necessary, after the Court rules on Defendant's Motion for Summary Judgment.

4. Defendant's Corrected Motion to Exclude the Testimony of David A. Kobrin as an Expert Witness Under Daubert **[DE 37]** is **DENIED WITHOUT PREJUDICE** to Defendant's right to renew, if necessary, after the Court rules on Defendant's Motion for Summary Judgment.

5. Defendant's Motion in Limine to Exclude Certain Evidence Involving the Fidelity Line of Credit **[DE 42]** is **DENIED WITHOUT PREJUDICE** to Defendant's right to renew, if necessary, after the Court rules on Defendant's Motion for Summary Judgment.

6. Defendant's Motion in Limine to Exclude Certain Testimony Involving the Palm Healthcare and Nicklaus Children's Healthcare Foundations **[DE 43]** is **DENIED**

**WITHOUT PREJUDICE** to Defendant's right to renew, if necessary, after the Court rules on Defendant's Motion for Summary Judgment.

7. Defendant's Motion in Limine to Exclude Certain Testimony Relating to the Unpled Claim of Breach of Fiduciary Duty and Defendant's State of Mind **[DE 44]** is **DENIED WITHOUT PREJUDICE** to Defendant's right to renew, if necessary, after the Court rules on Defendant's Motion for Summary Judgment.

8. Defendant's Motion to Exclude the Testimony of Alan R. Barbee, as an Expert Witness Under Daubert **[DE 45]** is **DENIED WITHOUT PREJUDICE** to Defendant's right to renew, if necessary, after the Court rules on Defendant's Motion for Summary Judgment.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 24th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge